Scott M. Clark, Esq. (Ariz. Bar No. 6759)
Judy Drickey-Prohow, Esq. (Ariz. Bar No. 5796)
Christopher R. Walker, Esq. (Ariz. Bar No. 28977)
Colin L. Clark, Esq. (Ariz. Bar No. 33457)
**LAW OFFICES OF SCOTT M. CLARK, P.C.**
3008 N. 44th Street
Phoenix, Arizona  85018-7206
(602) 957-7877 [Tel]
(602) 957-7876 [Fax]
www.scottclarklaw.com
*Attorneys for Third Party Defendant and Third Party Counterclaimant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

**Marlynn Alvarez,**

Plaintiff,

v.

**U.S. Collections West, Inc. and Experian Information Solutions, Inc. and Entrata, Inc.,**

Defendants.

Case No. **2:19-cv-00360-DWL**

**ANSWER AND COUNTERCLAIM TO THIRD PARTY COMPLAINT**

Assigned to the Hon. Dominic W. Lanza

**U.S. Collections West, Inc.,**

Third Party Plaintiff

v.

**Sun Dial Real Estate, LLC,**

Third Party Defendant

**Sundial Real Estate, LLC,**

Third Party Counterclaimant

v.

**U.S. Collections West, Inc.**

Third Part Counterdefendant

Third Party Defendant Sundial Real Estate, L.C., erroneously sued as "Sun Dial Real Estate, LLC," by and through undersigned counsel hereby files its Answer to the Third Party Plaintiff's Complaint.  For its Answer, Third Party Defendant admits, denies, and otherwise

responds as set forth below.   Further, pursuant to Rule 13(a),Fed.R.Civ.P., Third Party Defendant hereby asserts a counterclaim against Third Party Plaintiff U.S. COLLECTIONS WEST, INC. as set forth below.

1.   In response to paragraphs 76 through 86 of the Third Party Complaint (hereinafter "Complaint") Third Party Defendant (hereinafter "Defendant") admits said allegations.

2.   Paragraph 87 of the Complaint states a legal conclusion for which a response is not required.   To the extent that a response is required Defendant denies said allegation and asserts the terms of the Agreement and the Fair Debt Collection Practices Act impose obligations on Third Party Plaintiff to review records submitted to it, respond to disputes as to balances alleged, and communicate disputes to the holder of the debt and obtain a verification of said debt. *See* 15. U.S.C. 1692(g).   Defendant asserts that Third Party Plaintiff failed to comply with industry standards and assume and comply with the standard of care associated with third party debt collection practices.

3.   In response to paragraph 88 of the Complaint, Defendant admits Third Party Plaintiff reported the debt at issue on Plaintiff Marlynn Alvarez's credit report.

4.   Defendant admits paragraph 89 of the Complaint.   Defendant denies any of the allegations set forth in the Complaint filed by Plaintiff Marlynn Alvarez in which any allegations of wrongdoing are asserted against or implied to be committed by Defendant.

5.   Paragraph 90 of the Complaint requires no response.   To the extent that a response is required, Defendant denies said allegation.

6.   Defendant admits the allegation set forth in paragraph 91 of the Complaint.

7.   Defendant denies the allegations set forth in paragraphs 92 of the Complaint.

8.   In response to the allegations set forth in paragraph 93 of the Complaint, Defendant admits to the naming of Third Party Plaintiff.   Defendant is without knowledge as to

the remaining allegations in said complaint and, due to said lack of knowledge, must deny said remaining allegations.

9.      Defendant denies the allegations set forth in paragraph 94 of the Complaint.

10.     Paragraph 95 of the Complaint requires no response.  To the extent that a response is required, Defendant denies said allegation.

11.     Defendant admits the allegation set forth in paragraph 96 of the Complaint.

12.     Defendant denies the allegations set forth in paragraphs 97 through 99 of the Complaint.  Defendant asserts that Third Party Plaintiff's breach of the Agreement and/or its negligence in managing the debt file transferred to it and its collection efforts against Plaintiff are the source of the liability asserted in Plaintiff's cause of action.  Defendant further asserts that Third Party Plaintiff's breach of the agreement and negligent handling of the debt file is the cause in fact of the liability alleged by Plaintiff in the complaint.

13.     Paragraph 100 of the Complaint requires no response.  To the extent that a response is required, Defendant denies said allegation.

14.     Defendant denies the allegation set forth in paragraph 101 of the Complaint.

15.     Defendant admits to the allegation set forth in paragraph 102 of the Complaint.

16.     Defendant denies the allegation set forth in paragraph 103 of the Complaint.

17.     In response to the allegation set forth in paragraph 104 of the Complaint, Defendant lacks knowledge as Third Party Plaintiff's state of mind upon acceptance of the debt account.  Defendant asserts that Third Party Plaintiff remained obligated to ensure that the amounts set forth in the debt account were correct, to communicate with the debtor in the means authorized in the Fair Debt Collection Practices Act, and to timely report to Defendant any dispute as to the debt alleged, requesting verification of any debt in dispute.  *See* 15 U.S.C. 1692(g).  Defendant further asserts that Third Party Plaintiff failed to take reasonable care in its handling of the debt account at issue and failed to communicate any dispute as to the amounts owed upon notification by Plaintiff as to any dispute of same.

18.     Defendant denies the allegations set forth in paragraphs 105 through 106 of the Complaint.

19.     Paragraph 107 of the Complaint requires no response.  To the extent that a response is required, Defendant denies said allegation.

20.     Defendant admits the allegations set forth in paragraphs 108 through 109 of the Complaint.

21.     Defendant denies the allegations set forth in paragraphs 110 through 111 of the Complaint.

## RELIEF REQUESTED

In response to Third Party Plaintiff's requested relief, Defendant denies Third Party Plaintiff is entitled to any type of relief including, but not limited to, compensatory damages, equitable relief, injunctive relief, costs, or any damages or other relief of any kind whatsoever.

## DEFENSES

22.     Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

23.     Defendant alleges, upon information and belief, Third Party Plaintiff failed to mitigate its alleged damages.

24.     Defendant alleges, upon information and belief, Third Party Plaintiff knew or should have been aware of the disputes submitted to Entrada by Plaintiff and that it failed to take action required of it pursuant to 15 U.S.C. § 1692(g).

25.     Defendant alleges, upon information and belief, Third Party Plaintiff knew or should have known that most if not all of the debt alleged in the final account statement belonged to Mr. Medina and that the judgment submitted to it by Defendant was void of Plaintiff's name.

26.     Defendant alleges Third Party Plaintiff's gross negligence in handling the debt file transferred to it was the cause in fact of the damages alleged by Plaintiff and the damages alleged by Third Party Plaintiff in its Third Party Compliant.

27.     Defendant reserves the right to assert additional affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, as well as any other applicable affirmative defenses not specifically set forth in this Answer that may become known to Defendant once it has had an opportunity to complete discovery in this matter.

## COUNTERCLAIM

Pursuant to Rule 13(a),Fed.R.Civ.P., Defendant (hereinafter "Counterclaimant") hereby alleges the following claims against Third Party Plaintiff (hereinafter "Counterclaimant").

**GENERAL ALLEGATIONS**

28.     Counterclaimant hereby re-alleges and incorporates by this reference those allegations and responses set forth *supra*.

29.     Counterclaimant is a limited liability company organized under the laws of the State of Arizona, registered properly under the laws of the State of Arizona and which has a place of business within Maricopa County.

30.     Counterdefendant U.S. Collections West, Inc. is an Arizona Domestic for profit corporation that is registered properly under the laws of the State of Arizona and has a place of business within Maricopa County.

31.     On December 22, 2015, Counterclaimant and Counterdefendant entered into a contract (hereinafter "Contract") wherein it was agreed that Counterdefendant would provide collection services for debts assigned to Counterdefendant by Counterclaimant.

32.     Pursuant to the terms of the Contract Counterdefendant agreed to comply with the code of ethics established by applicable regulatory agencies, the Fair Debt Practices Act and guidelines provided by the Federal Trade Commission.

33.     On or about July 1, 2016, Counterclaimant assigned a debt file for Alexander Medina to Counterdefendant.

34.     On or about July 5, 2016, Counterclaimant assigned a debt file for  Marlynn Alvarez.

35.     The debt file included a ledger, contract, and a judgment obtained solely against Mr. Alexander Medina.

36.     Counterdefendant did not contact Counterclaimant about any discrepancy in the file nor did it provide notification to Counterclaimant of Ms. Marlynn Alvarez's dispute of same.

**COUNT 1**

**(BREACH OF CONTRACT)**

37.     Counterclaimant re-alleges the allegations set forth in paragraphs 28 through 36 *supra*.

38.     Counterdefendant failed to exercise the standard of care agreed upon the Contract.

39.     Upon information and belief Counterdefendant was made aware of or should have been aware of Plaintiff Marlynn Alvarez's dispute as to the amount placed in collections.

40.     Counterdefendant failed to take corrective action as required by 15 U.S.C. 1692(g) and verify the debt alleged against Plaintiff Marlynn Alvarez or notify Counterclaimant of any such dispute.

41.     Pursuant to the terms of the Contract, Counterdefendant was required to provide this notification ad the Contract superficially invokes the regulations imposed on debt collection activities.

42.     By failing to comply with the standards set forth in the regulations affecting Counterdefendant's business activities, Counterdefendant breached the Contract.

43.     Counterdefendant's breach of the Contract caused the damages alleged by Plaintiff Marlynn Alvarez.

44.     To the extent that damages alleged in this matter are imputed on Counterclaimant, Counterdefendant shall be responsible for said damages pursuant to the indemnification clause in the Contract.

45.     By breaching the Contract and filing the Third Party Complaint, Counterclaimant has been brought into this action and forced to defend itself, the cost of which Counterclaimant asserts as a damage arising out of the Contract for which Counterdefendant bears full responsibility.

46.     Counterclaimant is entitled to judgment against Counterdefendant for any liability it

incurs as a result of this matter along with its legal costs and reasonable attorneys' fees.

## COUNT II

### (INDEMNIFICATION)

47.     Counterclaimant re-alleges the allegations set forth in paragraphs 28 through 46 *supra*.

48.     The Contract provides for both parties to assume their "proper responsibility" in connection with any claims made by a third party against Counterdefendant and/or Counterclaimant.

49.     Counterclaimant is entitled to be indemnified by Counterdefendant for all such damages sustained, or will be sustained as a result of any settlement, judgement, award, or compromise made in this matter between the respective parties.

50.     By filing the Third Party Complaint against Counterclaimant concerning acts and omissions attributable to Counterdefendant and not Counterclaimant, Counterclaimant is entitled to judgment against Counterdefendant for any liability it incurs as a result of this matter to include its court costs, expenses, and reasonable attorneys' fees.

## COUNT II

### (NEGLIGENCE)

51.     Counterclaimant re-alleges the allegations set forth in paragraphs 28 through 50 *supra*.

52.     Counterdefendant owed Counterclaimant a duty of reasonable care in its handling of the collection file and any response required under any applicable laws or regulations affecting the collection of consumer debts.

53.     Counterdefendant knew or should have known of Plaintiff Marlynn Alvarez's dispute of the collection account and failed to take any corrective action as required by 15 U.S.C. 1692(g).

54.     15 U.S.C. 1692(g) provides for the standard of care upon the dispute of a collection balance.

55.     Counterdefendant failed to comply with said standard of care and applicable duties.

56.     Counterdefendant was required to notify Counterclaimant of the dispute of Plaintiff Marlynn Alvarez's account balance and request supporting documentation concerning same.

57.     Counterdefendant breached its duty to Counterclaimant under both 15 U.S.C. 1692(g) and the terms of the Contract when it failed to provide notice of the dispute of the collection account.

58.     Counterclaimant's breach as set forth in the preceding sentence was the result of its negligence.

59.     Counterclaimant has been damaged in this matter as it has been brought into the action as a Third Party Defendant.

60.     As a direct and proximate result of Counterdefendant's negligence Counterclaimant has suffered damages in the form of court costs and attorneys' fees and my suffer additional loses in the form of liability imposed on it by virtue of the claims asserted in this matter.

61.     Counterdefendant, due to its negligence, is responsible for any and all damages incurred by Counterclaimant in this matter.

## PRAYER FOR RELIEF

WHEREFORE Defendant/Counterclaimant prays for the following relief:

1.  Third Party Plaintiff's Complaint be dismissed as to Defendant/Counterclaimant in its entirety with prejudice;

2.  Defendant/Counterclaimant be entitled to an award of its costs, expenses, and reasonable attorneys' fees incurred in this matter against Third Party Plaintiff;

3.  Defendant/Counterclaimant be granted a judgment against Third Party Plaintiff/Counterdefendant for any liability incurred as a result of this matter along with any costs, expenses, and reasonable attorneys' fee incurred; and

4.  For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this day, the 14th of April, 2019

LAW OFFICES OF SCOTT M. CLARK, P.C.

By___s/Christopher R. Walker AZBN 028977

Christopher R. Walker, Esq.

*Attorney for Third Party Defendant/Counterclaimant*

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 14, 2019** I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David A. Chami, Esq.
Price Law Group, APC
8245 N. 85th Way
Scottsdale, Arizona 85258
david@pricelawgroup.com
*Attorneys for Plaintiff*

Alan H. Zimmerman, Esq.
Alan H. Zimmerman, P.C.
1617 East Pinchot Ave.
Phoenix, Arizona 85016
ahzpclaw@gmail.com
*Attorneys for Defendant and Third Party Plaintiff*

s/ Christopher R. Walker AZBN 028977